UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-230-1 (3)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **INDICTMENT** |
| | ) |
| DAVID E. PIVER | ) |
| | ) |

The Grand Jury charges that:

### General Allegations

At all times relevant to this Indictment:

1. The Immigration and Nationality Act (hereinafter "INA") governs the immigration laws of the United States.

2. The term "alien" means any person not a citizen or national of the United States.

3. Pursuant to the INA, aliens are not permitted to permanently reside in the United States unless they were lawful permanent residents.

4. Under the INA, an alien who is married to a United States citizen can obtain lawful permanent resident status in the United States if the marriage was entered into in good faith, and otherwise the alien qualifies under the INA.

5. The United States Citizenship and Immigration Services (hereinafter "USCIS") is an agency of the United States Department of Homeland Security

1

charged with processing applications for immigration benefits such as lawful permanent residence.

6. An alien who is seeking to become a lawful permanent resident of the United States on the basis of marriage to a United States citizen is required to complete and submit to the USCIS an Application to Register Permanent Residence or Adjust Status (hereinafter "Form I-485"). The alien is required to sign the Form I-485 certifying, under penalty of perjury, that the information provided by the alien, including whether the alien ever falsely claimed to be a United States citizen, is true and correct. If an individual other than the alien, such as an immigration attorney prepared the Form I-485, he or she is required to sign the form certifying, under penalty of perjury, that the application was completed based only on information that the alien provided to the immigration attorney.

7. Pursuant to the INA, a false claim of United States citizenship renders an alien deportable from the United States

8. Upon receipt of the Form I-485 and additional documentation, the USCIS begins an official proceeding to determine whether the alien is admissible to the United States pursuant to the INA and to grant the petition.

9. As part of the official proceeding, the USCIS conducts interviews with the alien and the United States citizen spouse in order to verify that the information provided in the Form I-485 is true and correct. The alien's attorney can be present during the interview.

10. The defendant, DAVID E. PIVER, (hereinafter "PIVER"), is a citizen of the United States, and is an attorney admitted to practice law in Pennsylvania and in immigration proceedings throughout the United States.

11. Individual A.P.B. is an alien, and a citizen of Nepal, who resided in Wake County, North Carolina.

12. Individual L.C.B. is a citizen of the United States, and is the spouse of Individual A.P.B, who resided in Wake County, North Carolina.

## COUNT ONE

Paragraphs 1-12 of the General Allegations section above are incorporated and re-alleged herein by reference.

Beginning in or around March 2017, and continuing through on or about around June 13, 2018, in the Eastern District of North Carolina and elsewhere, DAVID E. PIVER, defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to commit certain offenses against the United States, that is:

a. To knowingly make under oath, and to knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, and to knowingly present any such application which contained any such false statement and failed to contain any reasonable basis in law or fact, in violation of Title 18, United States Code, Section 1546(a); and

3

b. To knowingly make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to the registry of aliens, in violation of Title 18, United States Code, Section 1015(a).

**PURPOSE OF THE CONSPIRACY**

It was the purpose of the conspiracy for PIVER, along with others known and unknown to the Grand Jury, to secure Individual A.P.B.'s lawful permanent resident status in the United States by falsely stating to USCIS that Individual A.P.B. had never claimed to be a United States citizen.

It was further the purpose of the conspiracy for PIVER, along with others known and unknown to the Grand Jury, to conceal Individual A.P.B.'s previous false claim of United States citizenship in order to prevent Individual A.B.P.'s removal from the United States.

It was further part of the conspiracy that Individual A.P.B. and Individual L.C.B. would pay PIVER approximately $10,000.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which PIVER, and his co-conspirators, sought to accomplish the purpose of the conspiracy included, among other things, the following:

PIVER induced Individual A.P.B., an alien, to conceal Individual A.P.B.'s past false claim of United States citizenship. The purpose of the false statement was to fraudulently qualify Individual A.P.B. for lawful permanent resident status in the United States.

4

It was further part of the conspiracy that PIVER would prepare and submit immigration applications, and supporting documentation, on behalf of Individual A.P.B. to USCIS knowing the Form I-485 contained a false statement.

## OVERT ACTS

In furtherance of the conspiracy and in order to accomplish the purpose and object thereof, PIVER, and his co-conspirators did commit, and cause to commit, among others, at least one of the following overt acts:

1. On or about May 16, 2011, in order to qualify for employment in the United States, Individual A.P.B. attested under penalty of perjury in Apex, North Carolina, that he was a citizen of the United States in a Form I-9, Employment Eligibility Verification.

2. In or about March, 2017, Individual A.P.B. retained PIVER to represent Individual A.P.B. and Individual L.C.B. in the completion and filing of Form I-485, based on their marriage, among other petitions, with USCIS. Individual A.P.B. and Individual L.C.B. advised PIVER that Individual A.P.B. had been working in the United States out of status and had made a false claim of United States citizenship.

3. In or about March 2017, PIVER stated to Individual A.P.B. that the question of false claim of United States citizenship never gets brought up during the immigration interviews with USCIS. Further, PIVER told Individual A.P.B. not to worry about it.

4. On or about August 8, 2017, PIVER filed a Notice of Entry or Appearance as Attorney or Accredited Representative (hereinafter "Form G-28") with

5

Case 5:19-cr-00230-BO   Document 1   Filed 06/05/19   Page 5 of 12

USCIS. The Form G-28 established the representation of Individual A.P.B. regarding Form I-485, and additional applications.

5. PIVER stated in the Form G-28 that Individual A.P.B. resided at Millicent Way, Morrisville, North Carolina.

6. In or about August 2017, PIVER prepared Form I-485 on behalf of Individual A.P.B. Question 66 of Form I-485 asked "have you EVER falsely claimed to be a United States citizen (in writing or any other way)?" PIVER answered "No" to the question. PIVER forwarded the form, or caused it to be forwarded, to Individual A.P.B.

7. On or about August 8, 2017, Individual A.P.B. signed the Form I-485 in Wake County, North Carolina. Individual A.P.B. certified, under penalty of perjury, that all the information in the application, including the answer "No" to Question 66 was complete, true, and correct.

8. On or about August 28, 2017, PIVER signed the preparer's certification and presented Form I-485 to USCIS. PIVER certified, under penalty of perjury, that the contents in Form I-485 were based only on information that Individual A.P.B. provided to PIVER.

9. On or about December 14, 2017, PIVER, Individual A.P.B., and Individual L.C.B. appeared at the USCIS office in Durham, North Carolina, for an interview. During the interview, a USCIS adjudicator asked Individual A.P.B. whether he had previously falsely claimed to be a United States citizenship.

Individual A.P.B. orally responded "Yes." PIVER asked the adjudicator if he could step into the hallway with Individual A.P.B.

10. On or about December 14, 2017, PIVER advised Individual A.P.B. to recant or retract Individual A.P.B.'s admission of false claim of United States citizenship.

11. On or about December 14, 2017, Individual A.P.B. returned to the interview room and told the adjudicator he did not know and could not remember if he ever falsely claimed United States citizenship.

12. On or about December 14, 2017, PIVER advised Individual A.P.B. and Individual L.C.B. to physically move their residence to another area outside of the jurisdiction of the USCIS Durham office.

13. On or about December 18, 2017, PIVER submitted a letter via overnight delivery to USCIS in Durham, North Carolina, requesting to withdraw the Form I-485.

14. On or about February 15, 2018, Individual A.P.B. and Individual L.C.B. leased an apartment at Pisgah Church Road, in Greensboro, North Carolina.

15. On or about February 22, 2018, Individual A.P.B. changed his address to Pisgah Church Road, Greensboro, North Carolina, on his driver's license with the North Carolina Division of Motor Vehicles.

16. On or about April 2, 2018, PIVER prepared another Form I-485 on behalf of Individual A.P.B. PIVER stated in Form I-485 that Individual A.P.B. and Individual L.C.B. resided at Pisgah Church Road, Greensboro, North Carolina.

7

Further, in response to Question 66 of Form I-485 "have you EVER falsely claimed to be a United States citizen (in writing or any other way)?" PIVER answered "No."

17. On or about April 2, 2018, Individual A.P.B. signed Form I-485 in Wake County, North Carolina. Individual A.P.B. certified, under penalty of perjury, that all the information in the application, including the answer "No" to Question 66 was complete, true, and correct.

18. On or about April 13, 2018, PIVER filed another Form G-28 with USCIS. The G-28 established the representation of Individual A.P.B. regarding the Form I-485, and other applications, with USCIS. PIVER stated in Form G-28 that Individual A.P.B. resided at Pisgah Church Road, Greensboro, North Carolina.

19. On or about April 13, 2018, PIVER signed the preparer's certification and presented Form I-485 to USCIS. PIVER certified, under penalty of perjury, that the contents in Form I-485 were based only on information that Individual A.P.B. provided to PIVER.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about August 8, 2017, in the Eastern District of North Carolina and elsewhere, the defendant, DAVID E. PIVER, aided and abetted Individual A.P.B. to knowingly present and make under oath, and to knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, that is, defendant PIVER prepared an

8

Case 5:19-cr-00230-BO Document 1 Filed 06/05/19 Page 8 of 12

Application to Register Permanent Residence or Adjust Status (Form I-485) on behalf of Individual A.P.B. in which it was stated Individual A.P.B. had never claimed to be a United States citizen, when in fact, as defendant PIVER then knew, Individual A.P.B. had claimed to be a United States citizen in an Employment Eligibility Verification (Form I-9) on or about May 6, 2011.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

### COUNT THREE

On or about August 8, 2017, in the Eastern District of North Carolina and elsewhere, the defendant, DAVID E. PIVER, knowingly aided and abetted Individual A.P.B. to make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, that is, defendant PIVER prepared an Application to Register Permanent Residence or Adjust Status (Form I-485) on behalf of Individual A.P.B. in which it was stated Individual A.P.B. had never claimed to be a United States citizen, when in fact, as defendant PIVER then knew, Individual A.P.B. had claimed to be a United States citizen in an Employment Eligibility Verification (Form I-9) on or about May 6, 2011.

All in violation of Title 18, United States Code, Sections 1015(a) and 2.

### COUNT FOUR

On or about December 14, 2017, in the Eastern District of North Carolina and elsewhere, the defendant, DAVID E. PIVER, aided and abetted Individual A.P.B. to knowingly present and make under oath, and to knowingly subscribe as true under

penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, that is, defendant PIVER advised Individual A.P.B. at an Application to Register Permanent Residence or Adjust of Status (Form I-485) interview to recant Individual A.P.B.'s verbal admission to an immigration officer that Individual A.P.B. had previously made false claim of United States citizenship, when in fact, as defendant PIVER then knew, Individual A.P.B. had claimed to be a United States citizen.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT FIVE

On or about December 14, 2017, in the Eastern District of North Carolina and elsewhere, the defendant, DAVID E. PIVER, knowingly aided and abetted Individual A.P.B. to make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, that is, defendant PIVER advised Individual A.P.B. at an interview in connection with an Application to Register Permanent Residence or Adjust Status (Form I-485) to recant Individual A.P.B.'s verbal admission to an immigration officer that Individual A.P.B. had in effect previously made a false claim of United States citizenship, when in fact, as defendant PIVER then knew, Individual A.P.B. had claimed to be a United States citizen in an Employment Eligibility Verification (Form I-9).

All in violation of Title 18, United States Code, Sections 1015(a) and 2.

## COUNT SIX

On or about April 13, 2018, in the Eastern District of North Carolina and elsewhere, the defendant, DAVID E. PIVER, did knowingly present and make under oath, and knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, that is, defendant PIVER prepared an Application to Register Permanent Residence or Adjust Status (Form I-485) on behalf of Individual A.P.B. in which it was stated Individual A.P.B. resided in Greensboro, North Carolina, and had never claimed to be a United States citizen, when in fact, as defendant PIVER then knew, Individual A.P.B. resided in Morrisville, North Carolina, and had claimed to be a United States citizen in an Employment Eligibility Verification (Form I-9) on or about May 6, 2011.

All in violation of Title 18, United States Code, Section 1546(a).

## COUNT SEVEN

On or about April 13, 2018, in the Eastern District of North Carolina and elsewhere, the defendant, DAVID E. PIVER, did knowingly make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, that is, defendant PIVER prepared an Application to Register Permanent Residence or Adjust Status (Form I-485) on behalf of Individual A.P.B. in which it was stated Individual A.P.B. resided in Greensboro, North Carolina, and had never claimed to be a United States citizen, when in fact, as defendant PIVER then knew,

Individual A.P.B. resided in Morrisville, North Carolina, and had claimed to be a United States citizen in an Employment Eligibility Verification (Form I-9).

All in violation of Title 18, United States Code, Section 1015(a).

A TRUE BILL
**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.
FOREPERSON

6-5-19
DATE

ROBERT J. HIGDON, JR.
United States Attorney

SEBASTIAN KIELMANOVICH
Assistant United States Attorney