IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CR-230-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | SENTENCING MEMORANDUM |
| DAVID E. PIVER | |
| Defendant. | |

Defendant, David E. Piver, by and through undersigned counsel, submits this Sentencing Memorandum pursuant to 18 U.S.C. § 3661, to provide additional information for the Court's consideration during sentencing. The Government has recommended, and the Defendant agrees, that a sentence of probation would provide a punishment sufficient to accomplish the goals of sentencing.

I. **HISTORY AND CHARACTERISTICS OF DEFENDANT**

    a. **Education and Professional Background**

Mr. Piver graduated from Ithaca College with a degree in Political Science and History in 1981, and from Cornell University with a Master's Degree focused on agricultural and international economic development thereafter. Mr. Piver, fluent in Chinese, was a Cornell visiting scholar at Fudan University in Shanghai China in 1986. Mr. Piver remained in China for an additional two years where he started a business helping U.S. and Chinese companies engage in joint ventures. Following the Tiananmen Square incident, Mr. Piver returned to the United States to attend Villanova Law School, graduating in 1993.

A year after graduation, Mr. Piver founded the Law Office of David E. Piver and has been the principal there for more than 26 years. His former associates have founded or now work in

senior positions as immigration lawyers in more than a dozen immigration law firms. Notably, Mr. Piver has no prior criminal history and has never been subject to disciplinary sanctions in his nearly three decades of legal practice.

In addition to his interests in immigration law, Mr. Piver has served on numerous boards of non-profit organizations dedicated to the improvement of the inner-life of individuals in the communities served by these organizations. This includes serving four years on the board of The Kripalu Center, one of the largest holistic health, yoga, stress management and wellness centers in the United States. Additionally, Mr. Piver served as president of his synagogue for four years and is currently on the board of Reconstructing Judaism, the international organization representing and supporting their movement.

    b. **Family Background**

Mr. Piver was born and raised in Washington D.C. by parents Louise Piver and Dr. Julius S. Piver, MD, JD. Mr. Piver was raised in a loving and accomplished home and community with a strong religious upbringing and surrounded by highly accomplished and loving family and friends.

Mr. Piver's parents came to the United States as immigrants fleeing the pogroms of Russia (large-scale, targeted, and repeated anti-Jewish rioting). Their stories and the impact of them fleeing for their lives had a huge impact on Mr. Piver's upbringing in a cohesive and ambitious Jewish community in Washington, D.C.

Mrs. Louise Piver, who will celebrate her 90th birthday in May 2020, was a homemaker throughout Mr. Piver's youth. In addition, she volunteered for many years as the Chairwoman or a committee member in charitable Jewish organizations raising millions of dollars for the elderly and the defense of Israel throughout the 70's and 80's.

Dr. Piver was a renowned OBGYN in Washington, D.C. delivering over 3,000 babies in his career. He served for many years as the chairman of Obstetrics and Gynecology at the Washington Hospital Center. After a year at George Washington University, he was drafted into the Army Medical Corps in 1943. He arrived in England on D-Day, June 6, 1944, and stayed until July 1945. He finished college and went to medical school on the GI Bill at George Washington University. At the age of 62, Dr. Piver completed law school at American University. He continued to work as a doctor and served as medical legal expert in hundreds of medical malpractice cases throughout the United States until his death in 2012, at the age of 87.

Mr. Piver has two sisters, one who is an acclaimed author and another who serves as a Senior Vice President and Comptroller of a major transportation company.

Mr. Piver has one child, Forrest Piver, who is 25 years old. Forrest was born profoundly deaf. He now hears after two cochlear implant surgeries, when wearing these devices. Mr. Piver and his late wife, Zea Piver, were dedicated therapists for Forrest, and ultimately Forrest graduated from Rochester Institute of Technology, obtained a Master's Degree from Northeastern University in International Relations, and is currently pursuing a second Master's Degree in Australia at the University of Sydney. Upon his return from Australia, Forrest plans to start law school in Toledo, Ohio.

Zea and David were married for 20 years. Zea struggled with mental illness throughout the last ten years of the marriage and took her life in 2013, despite Mr. Piver's devoted love and efforts to help her overcome her illness, haunted by the deaths of nearly her entire family in Hitler's concentration camps and the Warsaw Ghetto. Zea's death occurred when Forrest was a freshman in college. With the steady help of his father, Forrest was able to complete his degree and regain his footing in the world after this catastrophic loss to their family.

Mr. Piver will soon be marrying Julie Meyers who is also an attorney and works as the Chief Marketing Officer of an international law firm with headquarters in Philadelphia, Pennsylvania. Julie is a graduate of Tulane University and American University School of Law. Julie has served on the boards of many nonprofit organizations in various roles from treasurer to marketing advisor. She has two children, Jake and Rachel, whom Mr. Piver refers to as his "bonus children." Jake is an American University graduate soon to be pursuing law school. Rachel is an artist and graduate of Union College in upstate New York. She is currently spending the year in Florence, Italy studying art and Italian.

## II. DETERMINING THE SENTENCE

### A. The Statutory Offense

Title 8, United States Code, Section 1306(c) provides that it is misdemeanor offense for any alien to file an application for registration containing a statement known to be false. Accordingly, the elements of this offense are (1) knowingly; (2) filing an application for registration; (3) containing false statements. In a false statement prosecution, a defendant's knowledge can be shown by proving that he or she acted with "reckless disregard of whether the statements made were true." *United States v. Sarantos*, 455 F.2d 877, 880 (2d Cir. 1972).

A conviction for this offense is punishable by imprisonment not to exceed 6 months, or a fine not to exceed $1,000. Pursuant to the terms of the plea agreement, the Government has agreed to recommend a sentence of probation.

### B. Suitability of a Probationary Sentence

Mr. Piver asks this Court to adopt the Government's recommendation and impose a probationary sentence. A review of the sentencing factors in 18 U.S.C. § 3553(a), as applied to Mr. Piver and the circumstances of this case, supports such a disposition.

4
Case 5:19-cr-00230-BO   Document 27   Filed 12/11/19   Page 4 of 7

As an initial matter, the sentencing guidelines do not apply to the instant offense. Pursuant to U.S.S.G. § 1B1.9, the sentencing guidelines do not apply to any offense that is a Class B misdemeanor. The offense at issue, 8 U.S.C. § 1306(c), is a Class B misdemeanor as it is punishable by not more than 6 months imprisonment.

Turning next to the related factors of the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and adequate deterrence. *See* 18 U.S.C. §§ 3553(a)(1), (2)(a), and (2)(B). Mr. Piver is pleading guilty to aiding and abetting a misdemeanor offense which he committed knowingly but without intent to defraud the Government, and while seeking to pursue a legal strategy on behalf of his client. As recognized by the Government, a misdemeanor conviction and the imposition of a probationary sentence adequately reflects the seriousness of the offense and provides for general deterrence.

Reviewing next the history and characteristics of the Defendant and the need to protect the public from further crimes of the Defendant (*see* 18 U.S.C. §§ 3553(a)(1) and (2)(C)), Mr. Piver's background, as detailed above, makes clear that he does not pose a threat to the public and that his history and characteristics weigh heavily in his favor. The record makes clear that Mr. Piver has contributed greatly to his community. Imposition of a probationary sentence would allow him to continue in those efforts. Mr. Piver founded and has run a successful immigration law practice for more than 25 years and is an immigration attorney who has never been the subject of disciplinary sanctions. Notably, the Government is not requiring Mr. Piver to surrender his law license as a condition of the plea agreement.

Reviewing these factors as a whole, it is clear that the Court should adopt the Government's recommendation and impose a sentence of probation.

### III. CONCLUSION

For the reasons outlined herein, the Defendant believes that a sentence of probation would meet the purposes of sentencing.

WHEREFORE, based on the preceding arguments, as supported herein, Mr. Piver respectfully requests that the Court impose upon Mr. Piver probationary sentence for the reasons set forth herein and grant such other and further relief as it may deem just, proper, and reasonable.

Respectfully submitted this 11th day of December, 2019.

                                              McGuireWoods LLP

                                              /s/ Susan C. Rodriguez
                                              Susan C. Rodriguez
                                              N.C. State Bar No. 40035
                                              McGuireWoods LLP
                                              201 N. Tyron Street, Suite 3000
                                              Charlotte, NC 28202
                                              Telephone: (704) 343-2303
                                              Facsimile: (704) 444-8788
                                              Email: srodriguez@mcguirewoods.com

                                              /s/ Lawrence J. Cameron
                                              Lawrence J. Cameron
                                              N.C. State Bar No. 41922
                                              434 Fayetteville Street, Suite 2600
                                              Raleigh, North Carolina 27601
                                              Telephone: (919) 755-6601
                                              Facsimile:  (919) 755-6699
                                              Email:  lcameron@mcguirewoods.com

                                              *Attorneys for David E. Piver*
                                              *Designation: Retained*

# CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Sebastian Kielmanovich
Assistant US Attorney
United States Attorney's office
310 New Bern Avenue
Suite 800
Raleigh, NC 27601
Email: sebastian.kielmanovich@usdoj.gov

McGuireWoods LLP

/s/ Lawrence J. Cameron
Lawrence J. Cameron
N.C. State Bar No. 41922
434 Fayetteville Street, Suite 2600
Raleigh, North Carolina 27601
Telephone: (919) 755-6601
Facsimile: (919) 755-6699
Email: lcameron@mcguirewoods.com

*Attorney for David E. Piver*